# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN RUSSELL LOCKE,

    Plaintiff,

    v.                                      Case No. 10-C-0024

NICHOLAS L. CHIARKAS, et al,

    Defendants.

## ORDER

        The plaintiff is a prisoner proceeding pro se. The plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act (PLRA) enacted April 26, 1996, the plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1).

        Under the PLRA, which amended the in forma pauperis statute, the court must assess an initial partial filing fee of twenty (20%) percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater.

        After the initial fee is paid, the prisoner must make monthly payments of twenty percent (20%) of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Once the accumulated twenty percent deductions exceed $10.00, the agency which has custody of the prisoner will forward the accumulated deductions to the Clerk of

Court in accordance with 28 U.S.C. § 1915(b)(2). Prison officials shall repeat this procedure until the filing fee is paid in full.

The plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). This account statement shows the activity in the plaintiff's prison account for the past six months.

A review of this information reveals that, for the six-month period immediately preceding the filing of the instant complaint, the average monthly deposit to the plaintiff's prison account was $4.67 and the average monthly balance to the account was zero. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(B), the plaintiff is required to pay an initial partial filing fee of $ .93. The plaintiff shall pay the initial partial filing fee of $ .93 to the clerk of this court on or before February 3, 2010. Failure to pay the initial partial filing fee within the time specified will result in dismissal of this matter with prejudice pursuant to Local Rule 10.03 (E.D. Wis.) and Fed. R. Civ. P. 41(b).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions in forma pauperis. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under section 1915(g).

**Notice to Plaintiff**: If you do not wish to pay the filing fee as set forth in this order or do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g), you must notify the court by writing a letter to the clerk on or before **February 3, 2010**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that on or before **February 3, 2010**, the plaintiff shall forward to the clerk of this court the sum of $ .93 as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed in forma pauperis. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 13th day of January, 2010.

BY THE COURT:

   s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\PRISON\Locke fee ord.wpd    - 3 -    January 14, 2010

Case 2:10-cv-00024-PJG   Filed 01/13/10   Page 3 of 3   Document 5